UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOYCE FERREIRA,

           Plaintiff,

    v.

BANK OF AMERICA, N.A.,

           Defendant.

Civil Action No.: 1:16-cv-10549-MPK

**DEFENDANT BANK OF AMERICA, N.A.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Bank of America, N.A. ("Defendant") responds to the Complaint of Plaintiff Joyce Ferreira ("Plaintiff") as follows:

1.      Upon information and belief, Defendant admits that Plaintiff is a resident of Taunton, Massachusetts.   Unless specifically admitted, Defendant denies the remaining allegations in Paragraph 1 of the Complaint.

2.      Defendant admits that it is a national bank association with headquarters in Charlotte, North Carolina.   Unless specifically admitted, Defendant denies the remaining allegations in Paragraph 2 of the Complaint.

3.      Defendant admits Plaintiff was employed with Defendant for at least 7 years and that Plaintiff was terminated from her employment on January 9, 2015.  Defendant further admits that Plaintiff held the position of Financial Center Manager prior to her termination.   Unless specifically admitted, Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4.      Defendant admits the allegations in Paragraph 4 of the Complaint.

1

5. Defendant admits that Plaintiff requested and was approved for medical leave from December 6, 2012 through March 6, 2013. Unless specifically admitted, Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6. Defendant admits that Plaintiff requested and was approved for medical leave from September 25, 2015 through December 17, 2015. Unless specifically admitted, Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7. Defendant admits that Plaintiff returned to work the first week of January 2015. Defendant lacks sufficient information to admit or deny the remaining allegations and expects Plaintiff to prove the same. Unless specifically admitted, Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

8. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 8 of the Complaint and expects Plaintiff to prove the same.

9. Defendant admits that Plaintiff was terminated on January 9, 2015. Defendant denies the remaining allegations in Paragraph 9 of the Complaint.

10. Defendant admits that Plaintiff was terminated for a Code of Ethics violation. Unless specifically admitted, Defendant denies the remaining allegations in Paragraph 10 of the Complaint.

11. Defendant admits that Plaintiff began a medical leave on September 25, 2015. Defendant further admits that the FMLA provides for 12 weeks of leave for eligible employees. Defendant lacks sufficient information to admit or deny the remaining allegations and expects Plaintiff to prove the same. Unless specifically admitted, Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations of Paragraph 12 of the Complaint.

13.    Defendant denies the allegations of Paragraph 13 of the Complaint.

14.    Defendant denies the allegations of Paragraph 14 of the Complaint.

15.    Defendant denies the allegations of Paragraph 15 of the Complaint.

16.    Defendant denies that Plaintiff is entitled to any relief including reinstatement, recovery, in any amount and in any form, from Defendant and specifically denies that Plaintiff is entitled to an award of treble damages, costs, reasonable attorney's fees, interest, or any other relief.

## JURY DEMAND

Defendant objects to trial by jury except as to those claims so triable and for which Plaintiff has made a timely demand for jury trial.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that it would not otherwise have, Defendant affirmatively asserts the following defenses:

## FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim against Defendant upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or are otherwise untimely.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to engage in any protected activity under the FMLA.

**FOURTH DEFENSE**

If Defendant is found to have violated the FMLA (which Defendant denies), said violation was neither willful nor knowing nor negligent.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, under the express terms and conditions of the Bank's policies and/or leave of absence policies or plans.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel and/or unclean hands.

**SEVENTH  DEFENSE**

Plaintiff lacks standing to assert the legal rights or interests of others, including but not limited to her own estate to the extent that it is in bankruptcy.

**EIGHTH DEFENSE**

Plaintiff's claims are barred by the doctrine of judicial estoppel to the extent that she has taken inconsistent positions or made inconsistent representations in this or another forum.

**NINTH DEFENSE**

Plaintiff has not suffered any injury as a result of Defendants' alleged conduct.

**TENTH DEFENSE**

Any damages that Plaintiff has suffered were caused in whole or in part by her own conduct.

**ELEVENTH DEFENSE**

To the extent that Plaintiff failed to mitigate, minimize or avoid any damages allegedly sustained, any recovery against Defendant must be reduced accordingly.

4

## TWELFTH DEFENSE

Plaintiff's claims are diminished in whole or in part by the after-acquired evidence doctrine.

## THIRTEENTH DEFENSE

To the extent Plaintiff alleges non-economic compensatory or punitive damages, such damages are not recoverable under the FMLA as a matter of law.

## FOURTEENTH DEFENSE

Defendant denies all other allegations in the Complaint not specifically admitted or otherwise responded to in this Answer.

## FIFTEENTH DEFENSE

Defendant reserves its right under FRCP 15 to amend this Answer and assert additional affirmative defenses as they become known and apparent.

Respectfully submitted,

DEFENDANT
BANK OF AMERICA, N.A.

By its Attorneys,


/s/Alice A. Kokodis
Alice A. Kokodis, Esq. (BBO# 631401)
Alice.kokodis@lockelord.com
LOCKE LORD, LLP
111 Huntington Avenue
Boston, MA 02199
Telephone (617) 239-0100
Fax (617) 227-4200

**DATED:**      March 25, 2016

5

**CERTIFICATE OF SERVICE**

I hereby affirm a copy of the foregoing document was served on the following by ECF and U.S. mail on this 25th day of March 2016.

Sonja L. Deyoe
Law Offices of Sonja L. Deyoe
395 Smith Street
Providence, RI 02908

    /s/ Alice A. Kokodis      
Alice A. Kokodis

AM 57539068.1

6